**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| STEVEN SHUBERT,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | CAUSE NO.: 2:26-CV-255-TLS-APR |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Count II of Plaintiff's Complaint [ECF No. 10], filed on June 29, 2026. For the following reasons, the Court grants the motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2026, the Plaintiff Steven Shubert filed a two-count Complaint [ECF No. 5] in the Lake County, Indiana, Superior Court against the Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State Farm Mutual Automobile Insurance Company ("State Farm Auto"). The Plaintiff attached the relevant insurance policy declarations as an exhibit to the Complaint. ECF No. 5-1. On June 1, 2026, the Defendants removed the case under the Court's diversity jurisdiction. ECF No. 1.

The Complaint alleges the following facts. State Farm Fire issued an insurance policy to the Plaintiff covering his 2006 Harley Davidson motorcycle ("Vehicle 1") for a policy period of September 13, 2025, to September 13, 2026. Compl. ¶ 4, ECF No. 5; *see* Compl. Ex., pp. 1–4, ECF No. 5-1.[1] State Farm Fire issued a second insurance policy to the Plaintiff covering his 2015 Harley Davison motorcycle ("Vehicle 2") for a policy period of August 1, 2025, to August 1, 2026. Compl. ¶ 5; *see* Compl. Ex., pp. 5–8. State Farm Auto issued a third insurance policy to the Plaintiff covering his 2022 Aluma Trailer (the "Trailer") for a policy period of February 26, 2025, to August 26, 2025. Compl. ¶ 6; *see* Compl. Ex., pp. 9–10. The policies provide coverage for, among other coverages, liability and property damage for collision, rental reimbursement, and theft. Compl. ¶ 7. The Plaintiff paid all policy premiums that became due during the relevant terms, including the date of loss. *Id.* ¶ 8.

[1] Although the Complaint alleges the policy period is September 13, 2024, to September 13, 2025, Compl. ¶ 4, the attached declaration lists the policy period as September 13, 2025, to September 13, 2026, Compl. Ex., p. 1.

On May 12, 2025, Vehicle 1, Vehicle 2, and the Trailer were stolen. *Id.* ¶ 10. The Plaintiff provided the Defendants with timely notice of the theft, and the Defendants provided the Plaintiff with claim numbers for the three claims. *Id.* ¶¶ 11, 12. The Plaintiff contends that he is entitled to theft coverage of Vehicle 1, Vehicle 2, and the Trailer pursuant to the terms of the policies. *Id.* ¶ 13.

The Plaintiff complied with all preconditions for coverage of the stolen property, including but not limited to providing documents requested by the Defendants and submitting to an examination under oath. *Id.* ¶ 14. However, the Defendants have failed and/or refused to pay coverage benefits to which the Plaintiff is entitled. *Id.* ¶ 15. "Moreover, Defendants have unreasonably delayed notifying Plaintiff of their claims decision or otherwise provide[sic] any legal justification for its delay and/or refusal to pay benefits." *Id.* ¶ 16.

The Complaint brings claims breach of contract (Count I) and bad faith/breach of covenant of good faith (Count II).

In Count I for breach of contract, the Plaintiff alleges that the Defendants have breached their contracts with the Plaintiff by (1) refusing to pay for the value of the Plaintiff's stolen property without legal excuse or justification; (2) misrepresenting the Defendants' policies regarding payment of coverages; (3) unnecessarily delaying the handling of the claims, without legal excuse or justification; (4) intentionally misleading and/or deceiving the Plaintiff; (5) failing and/or refusing to properly inspect and/or investigate the theft; and (6) failing to exercise good faith and fair dealing in their handling of the claims. *Id.* ¶ 18. The Plaintiff alleges that as a direct and proximate result of the Defendants' breach of contract, the Plaintiff has suffered damages that include the loss of his property without indemnification provided for in the policies, the loss of use of his property and other insurance benefits, and consequential damages. *Id.* ¶ 19.

In Count II for bad faith/breach of covenant of good faith, the Plaintiff alleges the Defendants breached their covenant of good faith and fair dealing with the Plaintiff by

(1) making an unfounded refusal to pay policy proceeds to the Plaintiff; (2) causing an unfounded delay in making payment to the Plaintiff for his damaged property; (3) misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue; (4) attempting to exercise any unfair advantage to pressure the Plaintiff into a settlement of his claim; and (5) compelling the Plaintiff to institute litigation to protect policy benefits due under the policy by intentionally and improperly delaying a decision. *Id.* ¶ 20. The Plaintiff alleges that these actions have resulted in additional injury and damages to the Plaintiff, including but not limited to consequential damages and emotional damages. *Id.* ¶ 21.

On June 29, 2026, the Defendants filed the instant Motion to Dismiss, which is fully briefed and ripe for ruling. ECF Nos. 10, 13, 14.

## ANALYSIS

Seeking dismissal of the bad faith/breach of covenant of good faith claim in Count II of the Complaint, the Defendants argue that the Plaintiff has failed to allege any facts sufficient to state such a claim. The Court agrees.

Under Indiana law, "there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Erie Ins. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993) (citations omitted); *see Baldwin v. Std. Fire Ins.*, 269 N.E.3d 1197, 1204 (Ind. 2025) (quoting *Erie Ins.*, 622 N.E.2d at 518). "The duty of good faith and fair dealing requires the insurer 'to refrain from' certain behavior, including: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." *Baldwin*, 269 N.E.3d at 1207 (quoting *Erie*, 622 N.E.2d at 519). "[A]n insurer must give its insured's interests equal consideration with its own." *Id.* (citation omitted). Breach of this implied duty "exposes the insurer to compensatory damages, like any other breach of contract." *Id.* at 1204.

However, "this . . . cause of action does not arise every time an insurance claim is erroneously denied." *Erie Ins.*, 622 N.E.2d at 520. "For example, a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith." *Id.* "Similarly, the lack of diligent investigation alone is not sufficient to support an award." *Id.* (citation omitted). Yet "an insurer which denies liability knowing that there is no rational, principled basis for doing so has breached its duty." *Id.* (citation omitted).

Indiana law also recognizes that "an insurer that goes further and acts in bad faith toward its insured may be liable for punitive damages." *Baldwin*, 269 N.E.3d at 1204. "To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability." *Freidline v. Shelby Ins.*, 774 N.E.2d 37, 40 (Ind. 2002) (citation omitted). "An Indiana bad faith claim generally requires 'evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.'" *Wood v. Allstate Ins.*, No. 3:11-CV-128, 2012 WL 6553000, at *5 (N.D. Ind. Dec. 14, 2012) (quoting *Monroe Guar. Ins. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005)). "Poor judgment and negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present." *Colley v. Ind. Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998) (citation omitted); *see Thorne v. Member Select Ins.*, 899 F. Supp. 2d 820, 826 (N.D. Ind. 2012) (citing *Monroe Guar. Ins.*, 829 N.E.2d at 977; *Colley*, 691 N.E.2d at 1261); *Allstate Ins. v. Fields*, 885 N.E.2d 728, 732 (Ind. Ct. App. 2008).

The Plaintiff's Complaint alleges the Defendants acted in bad faith or in breach of the duty of good faith and fair dealing by (1) making an unfounded refusal to pay policy proceeds to the Plaintiff; (2) causing an unfounded delay in making payment to the Plaintiff for his damaged property; (3) misrepresenting pertinent facts and insurance policy provisions relating to the

claims and coverages at issue; (4) attempting to exercise any unfair advantage to pressure the Plaintiff into a settlement of his claim; and (5) compelling the Plaintiff to institute litigation to protect policy benefits due under the policy by intentionally and improperly delaying a decision. Compl. ¶ 20.

As argued by the Defendants, this is nothing more than a recitation of the ways an insurance company can breach the duty of good faith and fair dealing as set forth in the case law. *See Baldwin*, 269 N.E.3d at 1207 (quoting *Erie*, 622 N.E.2d at 519). The Plaintiff offers no concrete factual allegations to support any aspect of this claim. There are no factual allegations showing how the Defendants' denial of the insurance claims was "unfounded." In alleging that he provided documents requested by the Defendants and that he submitted to an examination under oath, the Plaintiff has alleged facts to show that the Defendants conducted an investigation but has offered no facts to plausibly allege that it was insufficient. There are no factual allegations regarding any misrepresentations of pertinent facts or policy provisions; in fact, no specific policy provisions are discussed. And there are no facts to plausibly allege that the Defendants attempted to exercise an unfair advantage to pressure the Plaintiff into settlement. As for bad faith, there are no facts to plausibly allege that the Defendants' conduct rose to the standard of ill will or conscious wrongdoing.

The Plaintiff's response brief recites the facts alleged in the Complaint and discussed above. The Plaintiff offers no analysis to show how those facts satisfy the pleading standard for this claim, nor does the Plaintiff offer any additional facts or seek leave to amend his complaint. *Cf. Schroeder v. Progressive Paloverde Ins.*, No. 1:22-CV-946, 2022 WL 17752171, at *6–7 (S.D. Ind. Dec. 19, 2022) (finding that the plaintiff's allegations the insurer acted intentionally and unreasonably when it undervalued the property damage claims and understated the value of total-loss vehicles by relying on Vehicle Valuation Reports to avoid paying the full value of the

claims were sufficient to state a claim for breach of the covenant of good faith and fair dealing); *N. Shore Co-Owners' Assoc., Inc. v. Nationwide Mut. Ins.*, No. 1:18-CV-3632, 2019 WL 3306212, at *2 (S.D. Ind. July 22, 2019) (finding the plaintiff stated a claim for breach of the duty of good faith and fair dealing where the complaint sufficiently alleged facts to support the inference that the insurer intentionally attempted to deceive the plaintiff and denied liability without a rational basis).

The Plaintiff's "formulaic recitation of the elements of [the] cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, the Court grants the motion to dismiss the claim of bad faith/breach of covenant of good faith brought in Count II of the Complaint.

**CONCLUSION**

For these reasons, the Court hereby GRANTS the Defendants' Motion to Dismiss Count II of Plaintiff's Complaint [ECF No. 10] and DISMISSES the claim for bad faith/breach of covenant of good faith brought in Count II of the Plaintiff's Complaint. This matter remains pending on the Plaintiff's breach of contract claim in Count I.

SO ORDERED on August 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT